# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BRUCE RIRIE,<br><br>Defendant. | **MEMORANDUM DECISION ON MOTION TO AMEND SPECIAL CONDITIONS OF SUPERVISION**<br><br><br>Case No.  2:10-cr-0820-CW<br><br>Hon. Clark Waddoups |

On March 24, 2026, Defendant Robert Bruce Ririe, appearing *pro se,* filed a Motion to Amend Special Conditions of Supervision (the "Motion") requesting modification of the special conditions of his supervised release to allow him greater Internet access.  [*See* ECF No. 55.]  On April 6, 2026, the court directed the United States Attorney's office and the United States Probation and Pretrial Services office (the "Probation Office") to respond to Mr. Ririe's Motion within 30 days.  [ECF No. 56.]

On April 20, 2026, United States Attorney's office responded that it would defer to the Probation Office's recommendation on this matter.  [*See* ECF No. 57 at 1–2.]  On April 21, 2026, the Probation Office responded by submitting a Request and Order for Modifying Conditions of Supervision With Consent of the Person (the

"Petition") in which it recommended that the court modify Special Condition 7 of Mr. Ririe's supervised release as detailed in the Petition.  On April 30, 2026, the court signed an order adopting those modifications.  [*See* ECF No. 58.]  Below the court provides its basis for issuing that order.

BACKGROUND

A little more than fifteen years ago, Mr. Ririe was sentenced following his guilty plea to the production of child pornography in violation of 18 U.S.C. § 2251(a).  [*See* Minute Entry March 8, 2011, ECF No. 26.]  At sentencing the court accepted Mr. Ririe's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and sentenced him to 180-months imprisonment and imposed a life term of supervised release.  [*See* ECF No. 22 at 8; Judgment, ECF No. 27 at 2; Amended Judgment, ECF No. 36 at 2.][1]  The court also imposed several Special Conditions of Supervision, including Special Condition 7, which, among other things, required Mr. Ririe to comply with certain computer and Internet restrictions outlined in "Appendix C, Restricted Computer Access (No computer or internet access except for approved employment)."  [*See* ECF No. 27 at 4; ECF No. 36 at 4.]

In his Motion, Mr. Ririe, citing his desire to write a cookbook, develop an online store for the sale of his woodworking projects, access his medical records and

---

[1]      Mr. Ririe's Judgment was amended twice:  first on March 11, 2011, to order forfeiture of specific property [*see* ECF No. 31, at 6]; and again on April 26, 2011, to revise the monetary penalty section from "Restitution reserved" to "No Restitution Ordered."  [*See* ECF No. 36 at 5.]

communicate with health care providers, access his finances, and pursue new employment opportunities, requests that the court modify his Special Conditions of Supervision so that he may have greater Internet access than is currently permitted under Special Condition 7.  [*See* ECF No. 55 at 2–3.]

As noted above, the Probation Office recommended that the court modify Mr. Ririe's conditions of supervision.  [*See* Petition at 2.]  Specifically, the Probation Office recommended that the court remove current Special Condition 7 and impose the following special conditions in its place:

> 1.  You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer devices, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.
>
> 2.  You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation/Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management requirements.
>
> 3.  You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence

(i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

4.     You may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your officer.

5.     You are responsible for all computer monitoring and/or management costs for your approved computer devices.

6.     You must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

[*Id.* at 1–2; ECF No. 58 at 1–2.]  The Probation Office asserts that these modifications "reflect the newly implemented Cybercrime Special Conditions used nationally and in the District of Utah."  [*Id.* at 2.]

Mr. Ririe agreed to this proposed modification.  In fact, it is identical to the modification he proposed in his Motion.  [*See* ECF No. 55 at 5.].  On April 26, 2026, Mr. Ririe also executed a waiver that was included in the Petition in which he acknowledged that he understands that "should the Court so modify my conditions of supervision, [he] will be required to abide by the new condition(s) as well as all conditions previously imposed."  [*See* Waiver of Right to Hearing Prior to Modification of Conditions of Supervision, ECF No. 58 at 5.]  Mr. Ririe also

acknowledged that he "understand[s] the Court may issue a warrant and revoke supervision for a violation of the new condition(s) as well as those conditions previously imposed by the Court." [*Id.*]  He further acknowledged that although he had "a right to a hearing on the petition and to prior notice of the date and time of the hearing" and that he had the "right to the assistance of counsel at that hearing," he was waiving those rights and was giving "full consent to the Court considering and acting upon the probation officer's petition to modify the conditions of my supervision without a hearing."[2]  [*Id.*]

ANALYSIS

Under 18 U.S.C. § 3583(e)(2), a district court may may modify the conditions of supervised release at any time prior to the expiration of the term of supervised release.  In deciding whether to exercise its discretion to do so the court must "consider[] the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  *See* 18 U.S.C. § 3583(e).

When it comes to special conditions of supervised release, although the sentencing court has broad discretion to impose or modify any special conditions, s*ee United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011), that discretion is constrained by the provisions of 18 U.S.C. § 3583(d), which require that any special

---

[2]     In general, a district court should hold a hearing with the defendant present when modifying the conditions of supervised release.  *See* FED. R. CRIM. P. 32.1(c)(1).  But no hearing is required if, among other things, the defendant "waives the hearing."  FED. R. CRIM. P. 32.1(c)(2)(A).

condition:

> (1) be "reasonably related" to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) "involve[ ] no greater deprivation of liberty than is reasonably necessary" for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Bycroft*, 155 F.4th 1177, 1181 (10th Cir. 2025) (quoting *United States v. Martinez-Torres*, 795 F.3d 1233, 1236 (10th Cir. 2015) (quoting 18 U.S.C. § 3583(d)). Before imposing a special condition, the district court must make an individualized assessment of whether the condition is appropriate for this particular defendant. *See Martinez-Torres*, 795 F.3d at 1237.

In *United States v. Bycroft,* the Tenth Circuit recently discussed the issue presented here: what should be the scope of any special conditions of supervised release that prohibit or restrain a person's Internet use following a child pornography conviction. And while the Tenth Circuit recognized that the sentencing court retains broad discretion to prescribe special conditions of supervised release in such cases, in *Bycroft* it reiterated its prior holdings that any special conditions imposed must further the requirements of 18 U.S.C. § 3583(d), read in in conjunction with the factors set forth in 18 U.S.C. § 3553(a). *See Bycroft*, 155 F.4th at 1181.

The Tenth Circuit further confirmed its view that the district court is required "to provide its reasoning for imposing any special conditions on the record."

*Id.* at 1181.  This includes explaining how the special condition furthers the three requirements of § 3583(d).  *Id.* at 1183 (citing *United States v. Koch*, 978 F.3d 719, 725 (10th Cir. 2020)).

The ubiquity of the Internet is more pronounced today than it was when Mr. Ririe was sentenced in 2015.[3]  It is hard to imagine our lives without the Internet. Through the Internet we have access to an almost endless list of services and tools: we use it to connect, communicate, and collaborate with persons worldwide; we use it to send and receive money, to undertake our banking needs, to buy and sell investments, and to file and pay taxes; we use it to be educated and to educate others; we us it as our public square to hear and engage in the public debates of the day and to communicate with our government; we use it to select and ticket our travel and entertainment choices; we buy our groceries, clothing, insurance, and even our automobiles over it; we use it to monitor access to our homes, the temperature in them, and the safety of those within them; we use it to read newspapers, watch movies, sporting events, news, television, and check weather forecasts; and we use it as a sort of unabridged encyclopedia to provide guidance on how to do home repairs, cook our meals, write our memoirs, and treat our illnesses and injuries.

---

[3]    According to the Pew Research Center, as of November 2025 approximately 96% of adults in the United States use the Internet, representing an increase of 10% from 2015. *See* https://www.pewresearch.org/internet/fact-sheet/internet-broadband/ accessed April 29, 2026.  And the Tenth Circuit has for more than a decade recognized that Internet communications represent "a means of communication that has become a necessary component of modern life" that is "central to participation in the civic and economic life of our society."  *See United States v. Ullmann*, 788 F.3d 1260, 1261 (10th Cir. 2025)

There is no question that in the past Mr. Ririe has used the Internet for illicit and unlawful purposes.  But, as noted in the Petition, modifying the current restrictions on Mr. Ririe Internet access would "assist [him] in daily life" while allowing the Probation Office to "utilize monitoring"—which Mr. Ririe will pay for—"to mitigate risks."  [Petition at 2; ECF 58 at 2.]

In reviewing Mr. Ririe's current Special Condition 7, his Motion, and Probation Office's recommendation, and in light of the Tenth Circuit's view on Internet and computer use-related conditions, the court concludes that Special Condition now appears to be too restrictive.  When weighed against the relevant § 3553(a) factors and the § 3583(d) concerns, the court concludes that while some Internet-related special conditions may remain appropriate for Mr. Ririe, the current complete ban on Internet and computer use, except for approved employment, goes too far.

Notably, Mr. Ririe's request to have greater access to the Internet to assist him in, among other things, completing work on a cookbook, selling his cutting boards, communicating with his medical providers to schedule medical appointments and access his evaluations and prescriptions, monitoring his retirement account, utilizing online banking and bill payment services, filing his tax returns, and assisting him with potential employment by permitting him remote access to an employer's network, video conferencing and email, appears reasonable. This is particularly so given the Tenth Circuit's admonition that extreme restrictions on Internet use that prohibit a defendant from using the Internet "'for

-8-

benign tasks like checking the weather or reading the news'" may be too broad.  *See Bycroft*, 155 F.4th at 1184 (quoting *United States v. Blair*, 933 F.3d 1271, 1276 (10th Cir. 2019)).

Turning to the conditions set forth in the new special condition modifications recommended by the Probation Office (and as agreed to by Mr. Ririe), it appears that they are reasonable, no greater than necessary, and satisfy the conditions of § 3583(d) and § 3553(a).  Although these modified conditions, which continue to limit Mr. Ririe's Internet and computer access and impose continued monitoring of his Internet and computer use, may still present some logistical difficulties or inconveniences for Mr. Ririe, the court concludes that any remaining obstacles are no greater than is reasonably necessary to protect the public, deter criminal behavior, and promote Mr. Ririe's rehabilitation.  Nor do these conditions fundamentally or unreasonably impair his rights or liberties; rather, they are the attendant consequences of his prior conviction.  Indeed, Mr. Ririe's has consented to these modified conditions and indicated that he is able to pay any associated monitoring fees.  Accordingly, the court finds that the modified special conditions outlined in the Petition and as ordered by the court [*see* ECF No. 58 at 1–2] are reasonable and further the requirements of § 3583(d).

CONCLUSION

Therefore, **IT IS ORDERED** that Mr. Ririe's Motion [ECF No. 55] is **GRANTED**.  The court has already entered its order modifying Mr. Ririe's terms of

-10-

supervised release by removing Special Condition of Supervision 7 and replacing it with the modified special conditions identified above.  [*See* ECF No. 58.]

DATED this 8th day of May 2026.

BY THE COURT:

Clark Waddoups
United States District Judge